Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Jose Maria D. Patino, Jr. (SBN 270194)
  jose@setarehlaw.com
Maxim Gorbunov (SBN 343128)
  maxim@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
GABRIEL AROCHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL AROCHA, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>WEB TO DOOR CORP., a Nevada corporation; SOUTH EAST PERSONNEL LEASING, INC., a Florida corporation; AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No.<br><br>**CLASS-ACTION COMPLAINT**<br><br>Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff GABRIEL AROCHA (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, and complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against defendant WEB TO DOOR CORP., a Nevada corporation; SOUTH EAST PERSONNEL LEASING, INC., a Florida corporation; AMAZON.COM SERVICES LLC, a Delaware Limited Liability Company; and DOES 1 through 50 inclusively (collectively referred to as "Defendants"), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et sequitur*.

2. Plaintiff alleges that Defendants routinely acquire consumer reports to conduct background checks on Plaintiff and other prospective, current, and former employees and use information from consumer reports in connection with their hiring process without providing proper disclosures and without obtaining proper authorization in compliance with the law.

3. Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks statutory penalties due to Defendants' systematic and willful violations of the FCRA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative class's federal statutory rights under the Fair Credit Reporting Act (15 U.S.C. §§ 1681 et seq.).

5. Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

6. This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged..

## PARTIES

7. Plaintiff was employed by Defendants in the State of California.

8. Defendant WEB TO DOOR CORP. is a Nevada corporation and does business in the

State of California.

9. Defendant SOUTH EAST PERSONNEL LEASING, INC. is a Florida corporation and does business in the State of California.

10. Defendant AMAZON.COM SERVICES LLC is a Delaware Limited Liability Company and does business in the State of California.

11. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein of the defendants sued as DOES 1 through 50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

12. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees, servants, masters, or employers of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment and with the approval and ratification of each of the other Defendants.

13. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all Defendants, each acting as agents and/or employees and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

## CLASS ALLEGATIONS

14. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among many persons who comprise the class defined below.

15. **Class Definitions**: The class is defined as follows:

**FCRA Class**: All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants for whom a background check was performed at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

16. **Revisions to Proposed Class Definitions**: Plaintiff reserves the right to amend or

1 modify the class definitions by further division into subclasses and/or by limitation to particular issues and/or to exclude improper constituents as may subsequently prove necessary.

17. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under federal law.

18. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These questions include, but are not limited to:

   i. Whether Defendants willfully failed to provide the class with clear and conspicuous, stand-alone written disclosures before obtaining a background report in compliance with the statutory mandates;

   ii. Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the consumer reporting agency conducting the investigation;

   iii. Whether Defendants willfully failed to identify the source of the consumer report to be performed; and

   iv. Whether Defendants willfully failed to comply with the FCRA.

19. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice, or a lack of a policy which resulted in Defendants failing to comply with the FCRA as alleged herein.

20. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

21. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

22. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class-action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

23. When Plaintiff applied for employment with Defendant, Defendants provided a disclosure and authorization form to perform a background investigation.

24. The disclosures provided by Defendants contained extraneous and superfluous language that does not consist solely of the disclosure as required by the FCRA and/or is not clear and conspicuous.

25. In violation of Section 1681b(b)(2)(A) of the FCRA, the following provisions of Defendant's disclosure documents contain extraneous information that violates the "solely" requirement of the FCRA:

   i. Defendants' disclosure includes a section saying "New York applicants or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by Employer by contacting the consumer reporting agency identified above directly."
      a. This language is extraneous and noncompliant with FCRA disclosure requirements. The inclusion of this section only serves to make the disclosure unclear.

26. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates Sections 1681b(b)(2)(A) and

CLASS ACTION COMPLAINT

1681d(a). More specifically, the disclosure does not comply with the "clear and conspicuous" requirement because (1) the disclosure is not in all capital letters; (2) the disclosure is not in boldface to set off the required disclosure; (3) the disclosure includes multi-state information that is not a permissible element in an FCRA disclosure and reduces clarity as to what rights each applicant or employee possesses; (4) the disclosure provisions are set out in a dense, small font that reduces clarity; and (5) the disclosure contains references to a highly invasive investigative consumer report. The FCRA disclosure should be a standalone document and, if desired, a bare authorization to obtain information, without being weighed down by multiple, irrelevant state law references, acknowledgement of receipt of separate documents, and impermissible references to side documents containing information not set forth in the attempted disclosure.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## (15 U.S.C. §§ 1681b(b)(2)(A))

**(By Plaintiff and the FCRA Class Against All Defendants)**

27. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

28. Defendants are "persons" as defined by § 1681a(b) of the FCRA.

29. Plaintiff and **FCRA Class** members are "consumers" within the meaning of § 1681a(c) of the FCRA, because they are individuals.

30. Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility…for employment purposes.

As defined, a credit or background report qualifies as a consumer report.

31. Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

> (b) Conditions for furnishing and using consumer reports for employment purposes
> …[¶]…
> (2) Disclosure to consumer
> (A) In general
> Except as provided in subparagraph (B), a person may not procure a consumer

> report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
> (i) a ***clear and conspicuous*** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that ***consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person [emphasis added].

32. Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

33. As described above, Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

34. The purported disclosures do not meet the requirements under the law, because they are embedded with extraneous information and are not clear and conspicuous disclosures in a stand-alone document.

35. Under the FCRA, it is unlawful to procure or caused to be procured a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)–(ii). The inclusion of extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

36. Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information nor be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

37. Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is

willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

    i. Defendants are large entities with access to legal advice;

    ii. Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

    iii. The plain language of the statute unambiguously indicates that inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements; and

38. Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, § 1681b(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

39. Defendants' willful violation of the FCRA directly caused Plaintiff and the putative class informational harm. Additionally, Defendants' flawed FCRA disclosure jeopardized the Plaintiff and the putative class members' full understanding of both their rights guaranteed by the FCRA, and of what exactly they were allowing Defendants to procure.

40. Plaintiff, on behalf of himself and all **FCRA Class** members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory penalties, punitive damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Plaintiff and all others similarly situated, prays for relief and judgment against Defendants as follows:

    A. An order that the action be certified as a class action;

    B. An order that Plaintiff be appointed class representative;

    C. An order that counsel for Plaintiff be appointed class counsel;

    D. Statutory penalties;

    E. Punitive damages;

F. Injunctive relief;

G. Costs of suit;

H. Interest;

I. Reasonable attorneys' fees; and

J. Such other relief as the Court deems just and proper or as authorized by statute.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of Plaintiff and all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED: November 3, 2022              SETAREH LAW GROUP

SHAUN SETAREH
JOSE MARIA D. PATINO, JR.
MAXIM GORBUNOV
Attorneys for Plaintiff
GABRIEL AROCHA