UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GABRIEL AROCHA,**<br>            Plaintiff,<br>        v.<br>**WEB TO DOOR CORP.**, *et al.,*<br>            Defendants. | Case No. 4:22-cv-06851-YGR<br><br>**ORDER TO SHOW CAUSE RE: STAY OF PROCEEDINGS PENDING RESOLUTION OF** *CARMONA V. DOMINO'S PIZZA, LLC*<br><br>Re: Dkt. No. 17 |

The Court is in receipt of defendant Web to Door Corp.'s Motion to Compel Individual Arbitration, which has now been fully briefed. (Dkt. No. 17; *see also* Dkt. Nos. 18-20, 22, 24, 26-27.) Parties' briefs suggest the resolution of the pending motion will rest in large part on the Court's determination as to the nature and scope of an exception to the Federal Arbitration Act ("FAA") that has been interpreted to include certain transportation workers. *See* 9 U.S.C. § 1 (excepting "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the FAA).

This provision of the FAA has been heavily litigated in recent years, most notably in *Southwest Airlines Co. v. Saxon*, where the U.S. Supreme Court established a new framework for applying the exception. *See generally* 142 S. Ct. 1783 (2022). As defendant Web to Door Corp. notes in their motion, the Supreme Court had an opportunity to revisit *Saxon* when considering a petition for writ of certiorari in *Carmona v. Domino's Pizza, LLC*, a Ninth Circuit case decided after *Saxon* and which implicated roughly similar facts to the instant case. 21 F.4th 627 (9th Cir. 2021). There, the Supreme Court vacated the Ninth Circuit's judgment and remanded for "further consideration in light of [*Saxon*]." 143 S. Ct. 361 (Oct. 17, 2022). This is notable because the Ninth Circuit relied in *Carmona* on a pre-*Saxon* case, *Rittman v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), which parties ask the Court to construe in the context of the pending motion.

As the Ninth Circuit's forthcoming opinion in *Carmona* is likely to clarify the applicability of *Rittman*, post-*Saxon*, this Court **ORDERS** parties to **SHOW CAUSE** why the instant proceedings should not be stayed pending resolution of *Carmona*. Parties shall each file a response on the docket no later than **one week (7 days)** from the issuance of this Order setting forth their analysis, which shall not exceed, at maximum, **five pages**. If parties wish to stipulate to a stay, they may alternatively do so in a joint statement subject to the same timing and length requirements.

To enable the Court to consider parties' responses, the hearing on defendant Web to Door Corp.'s Motion to Compel Individual Arbitration currently scheduled for June 13, 2023, at 2:00 p.m. is **VACATED** and will be reset if necessary.

**IT IS SO ORDERED.**

Dated: May 26, 2023

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2